**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PHILIP DOYLE BRIDGES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION,** | § | **SA-05-CA-0652 XR** |
| **and DEPARTMENT OF VETERAN** | § | |
| **AFFAIRS,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   Hon. Xavier Rodriquez
        United States District Judge**

## I. Introduction

The matter before the Court is the motion to dismiss in lieu of answer brought by the

United States on behalf of the named defendant agencies, the Social Security Administration

("SSA") and the Department of Veteran Affairs ("VA")(Docket Entry 18), and responses by

plaintiff Philip Doyle Bridges.[1]  By way of the instant motion, defendants seek dismissal of the

claims against them contained in plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(1) and (b)(6).  Defendants assert that plaintiff's claims should be dismissed

because (1) defendants are protected from suit under the doctrine of sovereign immunity, (2) 38

---

[1] Plaintiff filed a handwritten Letter/Correspondence with attachments on October 4, 2005.  Docket Entry 19.  On October 21, 2005, defendant submitted two handwritten Advisories to the Court.  Docket Entries 21, 22.  These documents contain allegations of fact, but do not address the legal arguments raised in defendants' motion to dismiss.  Prior to the filing of defendants' motion to dismiss, plaintiff submitted three Advisories to the Court containing allegations and arguments.

U.S.C. § 511 precludes the Court from exercising subject matter jurisdiction over individual VA benefit claims, (3) the "Tucker Act" bars the Court from exercising subject matter jurisdiction over the VA "pension" claim, (4) plaintiff failed to exhaust his administrative remedies in pursuing his VA benefit claim, (5) Congress has not authorized an action against the VA *eo nomine*, (7) plaintiff failed to exhaust his administrative remedies regarding his allegations against SSA, and (8) sovereign immunity precludes the Court from considering any claims of mistreatment of plaintiff by the United States Army.  Having reviewed the entire record and considered plaintiff's complaint,[2] defendants' motion,[3] and plaintiff's responses and other filings,[4] I recommend that defendants' motion to dismiss be **GRANTED**.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order in which the Motion to Dismiss in Lieu of Answer was referred to me for report and recommendation.[5]

## II. Procedural History

Plaintiff presented a complaint,[6] a motion to proceed *in forma pauperis* (*IFP*), and a motion for appointment of counsel to the Clerk of Court on July 14, 2005.[7]  On July 18, 2005, I entered an Order directing plaintiff to supplement his *IFP* motion with an itemized list of

---

[2] Docket Entry 6.

[3] Docket Entry 18.

[4] Docket Entries 14, 15, 16, 19, 21, 22.

[5] Docket Entry 14.

[6] Plaintiff submitted a "Motion for Relief," which I construed to be a complaint.

[7] Docket Entry 1, 2.

expenses that he had paid in the preceding six months, so that I could make a proper assessment

of his ability to pay the filing fee.[8]  Plaintiff responded with the required information,[9] and I

entered an Order on July 22, 2005, granting plaintiff's *IFP* motion and directing the Clerk of

Court to file plaintiff's complaint without prepayment of fees or costs.[10]  The Clerk filed

plaintiff's complaint on July 22, 2005.[11]

## III. **Statement of the Case**

Plaintiff is an unemployed, disabled veteran, fifty-three years of age.  He is unmarried and

has no dependant family members.[12]  Plaintiff did not graduate from high school, but he earned a

GED, and attended one year of "refresher college."  Plaintiff enlisted in United States Army and

served from December 27, 1972, to August 8, 1974.  His last substantial gainful employment was

in maintenance and as a janitor.  Plaintiff last worked at this occupation on September 17, 1986.

He has been diagnosed with fibromyalgia, major depression, and a bulging disc which causes

pain radiating down through his legs.  He was also noted to have possible hernias and possible

mild carpal tunnel syndrome.

Plaintiff applied for social security disability benefits in 1987.  Initially, the SSA denied

his application for benefits.  Plaintiff appealed the denial of benefits decision, and in 1991, the

---

[8] Docket Entry 3.

[9] Docket Entry 4.

[10] Docket Entry 5.

[11] Docket Entry 6.

[12] Plaintiff's mother passed away in 2001 at the age of seventy-five years.  Plaintiff stated that he has no other family.

SSA found plaintiff to be eligible for disability benefits with an onset date of March 1987.  The

SSA awarded plaintiff benefits, and plaintiff began to receive monthly benefit payments.

On March 22, 1991, plaintiff made a claim to the VA for disability benefits, and the VA

issued its rating decision on August 16, 1991, denying plaintiff's claim.  Plaintiff appealed the

decision to the Board of Veterans Appeals.  In a letter dated March 30, 1998, plaintiff received

notice from the Disabled American Veterans National Service Office that a representative

unofficially appeared on plaintiff's behalf before the VA Ratings Board, and that the VA Ratings

Board had informally notified the representative that non-service benefits had been granted

effective March 22, 1991.  The notice explained that plaintiff's annual income would be used to

determine the amount of monthly benefits to which he would be entitled.  In April 1998, the VA

notified plaintiff that his reopened claim for VA pension had been approved.  However,

plaintiff's annual countable income from the date of his entitlement exceeded the maximum

allowable income for a single veteran with no dependants, and consequently, he would not

receive monthly benefits.

In June 2000, plaintiff informed the VA that his SSA disability benefits would terminate

on August 1, 2000, and requested that the VA reinstate his non-service connected benefits.  The

VA honored the request and began paying plaintiff monthly benefits.  However, the SSA

continued to make disability payments to plaintiff.  The VA verified the SSA disability payments

received by plaintiff and determined that his annual income exceeded the maximum allowed for

VA benefits.  In May 2001, the VA waived plaintiff's obligation to repay the VA benefits that he

had received.

From 1995 through 2005, plaintiff contacted various sources for assistance in obtaining

4

disability and VA pension benefits, including his Congressional representative.  Plaintiff was not

completely satisfied with the assistance and results that he obtained, and commenced the instant

action.

## IV. **Issues Presented**

Does the Court have jurisdiction to consider plaintiff's claims that the VA
incorrectly determined his disability status as "non-service connected" and failed
to properly determine the degree to which he was disabled and award benefits
based on that degree?

Does the Court have jurisdiction to consider plaintiff's claim that the SSA failed
to inform him that the state would pay his Medicare premiums, and if so, has
plaintiff stated a claim upon which relief can be granted?

## V. **Analysis**

**A. Dismissal Standard**

It is well-settled that federal courts are courts of limited jurisdiction and as such, a

presumption arises that a suit lies outside of that limited jurisdiction.  Consequently, the burden

is on the plaintiff to demonstrate that federal jurisdiction is proper.[13]

The Federal Rules of Civil Procedure provide that a motion to dismiss for lack of subject

matter jurisdiction may be brought prior to filing an answer.[14]  Under Rule 12(b)(1), a plaintiff's

claim may be dismissed when the district court lacks the statutory and constitutional power to

adjudicate the case.[15]   A district court may dismiss a case for want of subject matter jurisdiction

on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by

---

[13] **Howery v. Allstate Ins. Co.**, 243 F.3d 912, 916 (5th Cir. 2001).

[14] Fed. R. Civ. P. 12(b).

[15] **Home Builders Ass'n of Mississippi, Inc. v. City of Madison**, 143 F.3d 1006, 1010 (5th Cir. 1998).

undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[16]

The Rules also provide for the dismissal of a case where the complaint fails to state a claim upon which relief may be granted.  Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim to be brought prior to filing an answer.[17]  Under Rule 12(b)(6), a plaintiff's complaint may be dismissed for failure to state a claim upon which relief may be granted when, viewing the allegations in the plaintiff's complaint in the light most favorable to him and drawing all reasonable inferences in his favor, it appears certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[18]  Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity.[19]  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss under Rule 12(b)(6).[20]  In ruling on a motion to dismiss, a court should consider only those "facts stated in the complaint and the documents either attached to or incorporated into the complaint" by reference, along with matters of which judicial notice may be

---

[16] **Clark v. Tarrant County**, 798 F.2d 736, 741 (5th Cir. 1986).

[17] Fed. R. Civ. P. 12(b).

[18] **Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyard, Inc.**, 677 F.2d 1045, 1050 (5th Cir. 1982).

[19] **Spivey v. Robertson**, 197 F.3d 772, 774 (5th Cir. 1999).

[20] **Fernandez-Montes v. Allied Pilots Assoc.**, 987 F.2d 278 (5th Cir. 1993).

taken.[21]  If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is

justified in assuming the non-existence of those facts.[22]

**B. Plaintiff's claim against the VA.**

      Plaintiff's complaint and the other documents that he submitted to the Court contain

numerous accusations of wrongdoing by the VA and allegations of indifference from other

persons from whom he sought assistance.  Plaintiff alleges that he has numerous conditions

including fibromyalgia, major depression, three hernias, carpal tunnel syndrome, a bulging disc,

and degenerative bone disease.[23]  He further alleges that he was physically and mentally

mistreated by his superiors and other servicemen, and that his disabilities can be traced back to

his time in the Army.  Therefore, he contends that the VA should determine that he is 100%

disabled and his disability is service connected.

      Defendant contends that this Court is not the proper forum to address plaintiff's claims

because the District Court lacks subject matter jurisdiction over VA benefit claims, and

therefore, plaintiff's claim against the VA should be dismissed pursuant to Rule 12(b)(1).

Defendant relies on 38 U.S.C. § 511 to argue that the District Court may not exercise jurisdiction

over a VA benefit claim.

      Section 511 provides in relevant part:

---

[21] **Lovelace v. Software Spectrum, Inc.**, 78 F.3d 1015, 1017 (5th Cir. 1996); **see also** **McNamara v. Bre-X Minerals Ltd.**, 57 F. Supp.2d 396, 417 n.12 (E.D. Tex. 1999) (quoting **Pension Ben. Guar. Corp. v. White Consol. Indus.**, 998 F.2d 1192, 1196 (3d Cir. 1993) holding  that a court may consider authentic documents attached to a motion to dismiss).

[22] **Ledesma v. Dillard Dep't Stores, Inc.**, 818 F. Supp. 983 (N.D. Tex. 1993).

[23] The listing of plaintiff's ailments has been taken from his submitted documents including the handwritten annotations on his exhibits.

> The Secretary shall decide all questions of law and fact necessary
> to a decision by the Secretary under a law that affects the provision
> of benefits by the Secretary to veterans or the dependents or
> survivors of veterans. Subject to subsection (b), the decision of the
> Secretary as to any such question shall be final and conclusive and
> may not be reviewed by any other official or by any court, whether
> by an action in the nature of mandamus or otherwise.[24]

The Veteran Judicial Review Act of 1988 (VJRA) amended the statutory jurisdiction provisions and created a specific appellate review mechanism for VA benefit claims.[25]  Under the revised statute, a veteran begins the process by appealing the Secretary's decision to the Board of Veterans' Appeals by filing a notice of disagreement.[26]  The Board enters a written decision of its findings and conclusions, and the reasons for the findings and conclusions.[27]  The Board's findings and conclusions constitute a final decision of the Secretary.[28]  To obtain judicial review of the Secretary's final decision, the veteran must file a notice of appeal with the Court of Appeals for Veterans Claims, which has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.[29]  The veteran may appeal a decision of the Court of Appeals for Veterans

---

[24] 38 U.S.C. § 511(a).  Section 511(b) provides the following exceptions: (1) matters subject to 38 U.S.C. § 502 (Federal Circuit jurisdiction over Administrative Procedure Act review of VA rulemaking); (2) matters covered by 38 U.S.C. §§ 1975 and 1984 (jurisdiction of federal district courts over suits on Veterans' Group Life Insurance, National Service Life Insurance, and U.S. Government life insurance); (3) matters arising under chapter 37 of title 38 (involving VA housing and small business loans); and (4) matters arising under chapter 72 of title 38, (covering the appeals process to the Board, the Court of Appeals for Veterans Claims, the Federal Circuit Court, and the Supreme Court).  **Bates v. Nicholson**,  398 F.3d 1355, 1359 (Fed. Cir. 2005).  None of the exceptions are relevant to this case.

[25] **Hicks v. Veterans Admin.**, 961 F.2d 1367, 1369 (8th Cir. 1992).

[26] **Id.**; 38 U.S.C. § 7105.

[27] **Id.**; 38 U.S.C. § 7104.

[28] **Id.**

[29] **Id.**; 38 U.S.C. §§ 7252(a) and 7266(a).

Claims to the Court of Appeals for the Federal Circuit.[30]  The veteran may petition the United

States Supreme Court to review the Federal Circuit decision.[31]

      To determine whether plaintiff's claim falls within the VA statutory mechanism, thereby

precluding the District Court of jurisdiction under 38 U.S.C. § 511, the District Court first must

determine "whether the plaintiff is alleging a facial attack on the constitutionality of an act of

Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits."[32]  If

plaintiff challenges the constitutionality of a statute, the District Court has jurisdiction over the

case.  However, if plaintiff challenges the VA's determination concerning benefits, the District

Court does not have jurisdiction, and the complaint must be dismissed.[33]

      In this case, it is apparent that plaintiff is challenging the VA's determination of his rating

and right to benefits.  Plaintiff's claim is that the VA has incorrectly determined that he is 40%

non-service connected disabled, when it should have found him to be 100% service connected

disabled.[34]  He also claims that the VA did not properly consider the evidence and erred by

failing to find that his disabilities resulted from abuse he experienced while in the Army and the

Army's failure to give him adequate medical treatment.[35]  Consequently, he alleges the VA erred

in determining that his disabilities were not service connected.  Plaintiff further complains that

---

[30] **Id.**; 38 U.S.C. § 7292.

[31] 38 U.S.C. § 7291.

[32] **Zuspann v. Brown**, 60 F.3d 1156, 1158 (5th Cir. 1995).

[33] **Id.**

[34] Docket Entry 6 at 1-3.

[35] Docket Entry 6 at 10.

the VA wrongfully offset his VA benefits against his Social Security benefits on a dollar for

dollar basis.[36]  Furthermore, plaintiff's prayer for relief specifically asks for a VA pension and

money that he feels the VA owes him.[37]

Clearly, plaintiff's claim is for VA benefits, and falls within the purview of the VJRA's

appellate mechanism.  Accordingly, this Court lacks subject matter jurisdiction over the

plaintiff's claim pursuant to 38 U.S.C. § 511, and dismissal of plaintiff's claim against the VA is

proper under Rule 12(b)(1).

Out of an abundance of caution, defendant also argued that plaintiff cannot maintain his

action because defendant is protected from suit under the doctrine of sovereign immunity, the

Tucker Act precludes the District Court from exercising jurisdiction over what is essentially a

pension matter, and plaintiff failed to exhaust his administrative remedies in pursuing his claim

for benefits, thereby depriving the Court of subject matter jurisdiction.

The doctrine of sovereign immunity prevents district courts from exercising subject

matter jurisdiction in suits against the United States unless the government has unequivocally

and expressly waived its immunity in statutory text.[38]  To the extent that plaintiff is challenging

the VA's procedures for determining benefit claims, the United States has not waived its

sovereign immunity, and the Court lacks subject matter jurisdiction to hear the claim.[39]

---

[36] Docket Entry 6 at 3-4.

[37] Docket Entry 6 at 11.

[38] **Lundeen v. Mineta**, 291 F.3d 300, 304 (5th Cir. 2002).

[39] **See In re Russell**, 155 F.3d 1012,1013 (8th Cir. 1998) (mandamus statute does not provide a waiver of sovereign immunity and the VJRA sets forth the appellate scheme);  **Beamon v. Brown**, 125 F.3d 965, 974 (6th Cir.1997) (The Administrative Procedure Act does not contain a waiver of sovereign immunity effective to provide the district court with jurisdiction to review VA's procedure in determining benefit claims.).

The Tucker Act, passed in 1887, and amended in 1964, provides a waiver of sovereign immunity for claims against the United States including those founded upon the Constitution, an act of Congress, an executive department regulation, and liquidated or unliquidated damages in cases not sounding in tort.[40]  The statute also provides the district courts with concurrent jurisdiction with the Court of Federal Claims over actions that are essentially contractual matters.[41]  The statute expressly excludes matters concerning pensions from district court jurisdiction,[42] and VA disability benefits have been held to be pensions for the purposes of the Tucker Act.[43]  Consequently, plaintiff cannot bring his claim against the VA pursuant to the Tucker Act.

Defendant also argues that plaintiff has failed to exhaust his administrative remedies in claiming VA benefits, the VA cannot be sued *eo nomine*, and plaintiff cannot sue under the sovereign immunity waiver of the Federal Tort Claims Act for injuries that he allegedly received while enlisted in the Army.  As discussed above, the District Court does not have jurisdiction to consider plaintiff's claim for VA benefits pursuant to 38 U.S.C. § 511.  Consequently, whether plaintiff has exhausted his administrative remedies does not impact the Court's jurisdiction.  Likewise, the issue of jurisdiction does not turn on whether the VA is the proper defendant, or whether the complaint can be amended to substitute the United States as defendant.  Finally, plaintiff's complaint does not include a personal injury claim based on actions of his superiors

---

[40] 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, **Federal Practice and Procedure**, § 3657 at 483-84 (3d ed. 1998).

[41] **Id.** at 484.

[42] 28 U.S.C. § 1346(d).

[43] **Smith v. United States**, 57 F.2d 998, 999 (4th Cir. 1932).

while he was enlisted in the Army.[44]  Instead, plaintiff alleges he was physically and mentally

abused by those superiors in an attempt to show that his disability should be classified as service

connected.  As explained above, the Court lacks subject matter jurisdiction to determine his

disability status.

Based on the all the foregoing, I recommend that the District Court **GRANT** the motion

to dismiss, and **DISMISS** plaintiff's complaint against defendant VA.

**C. Plaintiff's claim against SSA.**

Plaintiff receives monthly social security disability benefits from which Medicare

premiums are deducted.  Plaintiff contends that the SSA failed to inform him that programs exist

that would pay the monthly Medicare premiums.  He argues that the SSA should reimburse the

premiums to him.

The Medicare Act, 42 U.S.C. § 1395-1395ccc, created the Medicare program, which

provides healthcare benefits for eligible persons, those who are at least sixty-five years old or

disabled.[45]  Medicare is divided into Part A, which covers inpatient hospital expenses,[46] and

Part B, which covers physician services, outpatient services, and other health services not

covered by Part A.[47]  Part B coverage is not automatically provided to all Medicare-eligible

---

[44] Even if plaintiff intended to bring a tort action under the FTCA against the Government for injuries sustained during his enlistment, he could not maintain the suit because the the FTCA does not waive immunity for assault and battery, 28 U.S.C. § 2680(h); and the **Feres** doctrine bars "all suits on behalf of service members against the Government based upon service-related injuries." **United States v. Johnson**, 481 U.S. 681, 686-88 (1987)(citing **Feres v. United States**, 340 U.S. 135 (1950)); **see also United States v. Shearer**, 473 U.S. 52 (1985) (holding that a tort action could not be brought against the United States under the FTCA by a mother of serviceman murdered by another serviceman).

[45] 42 U.S.C. § 426(a).

[46] 42 U.S.C. §§ 1395c to1395i-4.

[47] 42 U.S.C. §1395j.

individuals.  They must enroll in the Part B insurance program and pay insurance premiums, make 20% co-payments on the cost of the covered services that they receive, and pay an annual deductible.[48]  Monthly Part B premiums are automatically deducted from social security benefits.[49]

Along with Medicare, to assist in providing healthcare services, Congress enacted the Medicaid Act, 42 U.S.C. § 1396 *et seq*.  The Medicaid program provides healthcare benefits based on the patient's financial need.  An individual becomes eligible for Medicaid benefits when his or her income falls below a minimum level.[50]  Medicaid is a voluntary program made available to the states and is jointly funded by the states and the federal governments.[51]  The program has been modified over the years to encourage state participation and provide better coverage to those in need.[52]  Medicaid provides five major programs to assist medicare-eligible individuals who are unable to pay the Part B cost-sharing, four of which will pay the Part B premiums for qualified individuals.[53]  The Secretary is required to establish beneficiary assistance programs to provide eligible individuals with information, counseling, and assistance with these buy-in programs.[54]

---

[48] 42 U.S.C. §§ 1395o-1395s; **see also Pennsylvania Med. Soc'y v. Snider**, 29 F.3d 886, 888 (3d Cir. 1994)(describing Medicare Part B participation).

[49] 42 U.S.C. § 1395s.

[50] 42 U.S.C. § 1396d(a).

[51] 42 U.S.C. §§ 1396a *et seq*.

[52] **See Pennsylvania Med. Soc'y**, 29 F.3d at 888-90 (discussing the history and provisions of Medicaid).

[53] **See Texas Gray Panthers v. Thompson**, 139 F.Supp.2d 66, 69-70 (D. D.C. 2001), **judgment vacated on other grounds**, 37 Fed.Appx. 542 (D.C. Cir. 2002) (identifying and discussing the five major programs).

[54] 42 U.S.C. § 1395b-3.

In the instant case, it appears that plaintiff claims that the SSA failed to inform him of one or more of these Medicaid programs that are available to pay his Medicare Part B premiums, and implicitly, that the SSA had a duty to inform him of these programs.

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) on the grounds that plaintiff failed to exhaust his administrative remedies, thereby depriving the Court of jurisdiction to hear his claim. It contends that plaintiff has not submitted the present claim to the SSA, and therefore, he has not exhausted his administrative remedies.  Defendant also claims that the SSA is protected from suit by sovereign immunity.  Alternatively, defendant argues that plaintiff failed to state a claim upon which relief may be granted, and the complaint must be dismissed pursuant to Rule 12(b)(6).

Plaintiff cannot maintain his action against the SSA.  As an initial matter, plaintiff fails to identify a statutory waiver of sovereign immunity by the government that would permit him to bring his action against the SSA.  As previously explained, the United States cannot be sued unless the government has expressly waived its immunity.[55]  Without a waiver, the doctrine of sovereign immunity bars plaintiff's action, and the Court lacks subject matter jurisdiction to hear his claim.

Furthermore, plaintiff fails to specifically identify any statute, regulation, equitable doctrine, or other authority upon which he bases his claim that the SSA has an affirmative, actionable duty to inform him of a state benefit to pay his Medicare Part B premiums.  Although the Medicaid Act established various programs to assist eligible individuals in the payment of their Medicare Part B premiums, it did not create a duty the breach of which would support a

---

[55] **Lundeen**, 291 F.3d at 304.

14

claim of liability for monetary relief.[56]

Based on the above analysis, I recommend that the District Court determine that it lacks subject matter jurisdiction to hear this claim, or alternatively, that plaintiff has failed to state a claim upon which relief may be granted.  I further recommend that the defendant's motion to dismiss be **GRANTED**.

## VI. Recommendation

Based on the foregoing, it is my recommendation that defendants Social Security Administration and Department of Veteran Affair's motion to dismiss be **GRANTED**.  I further recommend that plaintiff Philip Doyle Bridges' complaint be dismissed in its entirety.

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[57]  **Such party shall file the objections with**

---

[56] **Johnson v. Sawyer**, 47 F.3d 716, 727-728 (5th Cir. 1995) (en banc) (The alleged violations of federal law must also constitute violations of duties imposed under local law to support a claim for relief actionable under the FTCA.).  **But cf. Texas Gray Panthers v. Thompson**, No. 99-1557 (D. D.C. December 31, 2004) (Granting summary judgment, Court denied plaintiffs' claim for injunctive relief under the APA where plaintiffs alleged that the Secretary of HHS failed to satisfy his statutory duty to educate, inform, and counsel eligible Medicare recipients concerning the buy-in programs, finding that the Secretary's interpretation of his statutory responsibilities was persuasive and his efforts sufficient.).

[57] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

**the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.   A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[58]   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[59]

**SIGNED** on July 6, 2006.


*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[58] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[59] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).